IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CATHERINE M. CONRAD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-21-2951 |
| CHRISTIAN HENNINGSEN, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

On November 17, 2021, Plaintiff Catherine M. Conrad filed this suit against Defendants Christian and Patricia Henningsen (the "individual defendants" or the "Henningsens") and Bright Eyes Sanctuary, an animal sanctuary owned and operated by the Henningsens. (Compl., ECF No. 1-3 ¶¶ 1-4.) All three defendants were served on February 3, 2022. (ECF Nos. 3, 4, 5.) Accordingly, each defendant was required to answer Conrad's Complaint by February 24, 2022. Fed. R. Civ. P. 12(a)(1)(A)(i). On February 28, 2022, *pro se* Defendants Christian and Patricia Henningsen filed a Motion for Appointment of Counsel. (ECF No. 9.) "[T]here is no right to appointment of counsel in a civil case[.]" *Geter v. Taharra*, 429 Fed. Appx. 265, 266 (4th Cir. 2011). "Courts retain broad discretion when deciding whether to appoint counsel in civil matters." *SEC v. Bennett*, No. 8:17-cv-2453-PX, 2021 U.S. Dist. LEXIS 185026, at *3 (D. Md. Sep. 27, 2021). Indeed, "[e]ven where a court believes a litigant should have *pro bono* counsel, the Court cannot appoint counsel or make

funds available; it can only request that an attorney volunteer to represent a litigant." *Id.* (internal quotations omitted). In this case, Defendants Christian and Patricia Henningsen have provided no reason for this Court to appoint *pro bono* counsel. Accordingly, their Motion for Appointment of Counsel (ECF No. 9) is DENIED, and the Henningsens may proceed *pro se* pursuant to this Court's Local Rule 101.1(a).

To the extent the Henningsens' Motion also requests the appointment of counsel for Defendant Bright Eyes Sanctuary, that request is also denied. Defendants have provided no authority for the proposition that a court may appoint counsel for a corporation, and this Court is aware of no such authority. *See, e.g.*, *Braxton v. Eldorado Lounge, Inc.*, Civil Action No. ELH-15-3661, 2017 U.S. Dist. LEXIS 225322, at *4 (D. Md. Feb. 8, 2017) ("I am unaware of any statute which authorizes the Court to appoint counsel for a corporation or a limited liability company."). Conrad's Complaint alleges that Defendant Bright Eyes Sanctuary is a "501(c)(3) nonprofit corporation." (ECF No. 1-3 ¶ 4.) Accordingly, Defendants' Motion to Appoint Counsel is also DENIED as to Defendant Bright Eyes Sanctuary. Unlike the individual defendants, Defendant Bright Eyes must be represented by counsel. *See* Local Rule 101.1(a) ("All parties other than individuals must be represented by counsel.").

For the reasons stated above, it is HEREBY ORDERED this 17th day of March, 2022, that Defendants Christian and Patricia Henningsen's Motion to Appoint Counsel (ECF No. 9) is DENIED both as to the individual defendants and as to Defendant Bright Eyes Sanctuary. The individual defendants may proceed *pro se*, but Defendant Bright Eyes Sanctuary must obtain counsel. All defendants are ORDERED to respond to Conrad's Complaint by Monday, April 18, 2022.

_____/s/_____
Richard D. Bennett
United States District Judge